IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRINITY INDUSTRIES, INC., )
TRINITY INDUSTRIES RAILCAR )
CORPORATION, )
                              )
     Plaintiffs, )
                              )
  v. )     CIVIL ACTION NO. 2:08-1498
                              )
GREENLEASE HOLDING )
COMPANY, )
                              )
     Defendant. )

**OPINION**

**Conti, Chief District Judge**

### I. Introduction

Pending before the court is a motion for reconsideration (ECF No. 249) of the court's ruling denying the request made by plaintiffs Trinity Industries, Inc. and Trinity Industries Railcar Corporation (together "Trinity plaintiffs") to join insurers of defendant Greenlease Holding Company ("Greenlease") as defendants in this case. The court having reviewed the submissions of the parties will deny the Trinity plaintiffs' motion for the reasons set forth herein.

### II. Standard of Review

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a

clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677; North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

By reason of the interest in finality at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court already decided. Am. Beverage Corp. v. Diageo N. Am., Inc., No. 12-601, 2013 WL 4010825, at *1 (W.D. Pa. Aug. 6, 2013); Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, already made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Just as motions for reconsideration should not be used to relitigate issues already resolved by the court, they should not be used to advance additional arguments that could have been made by the movant before judgment. Solis v. Makozy, No. 09-1265, 2012 WL 1458232, at *1 (W.D. Pa. Apr. 27, 2012); Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995).

**III. Discussion**

On November 12, 2014, the Trinity plaintiffs at a hearing in this case requested the court to permit joinder of Greenlease's insurance carriers as defendants in this action. The court denied the Trinity plaintiffs' request in light of the age of this case, i.e., more than six years old, and recognized that the Trinity plaintiffs could file a separate lawsuit against the insurance carriers they seek to join as defendants in this case. Following the November 12, 2014, hearing, the Trinity plaintiffs did not file a separate lawsuit against Greenlease's insurance carriers; instead, the Trinity plaintiffs filed the instant motion seeking reconsideration. The Trinity plaintiffs do not argue that an intervening change in the law or new evidence not available at the time of the November 12, 2014, hearing warrants the court's reconsideration of its decision. The court,

therefore, must consider whether reconsideration is necessary to correct a clear error of law or fact or to prevent manifest injustice.

Federal Rule of Civil Procedure 20 governs permissive joinder, and, the parties do not dispute that Greenlease's insurance carriers meet the requirements of permissive joinder in this case. The Supreme Court of the United States has commented: "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). A court, however, "has discretion to deny a motion for joinder, even if the conditions of Rule 20(a) are met, in order to prevent undue delay or other prejudice to the other parties." Bamgbose v. Delta-T Grp., Inc., 724 F.Supp.2d 510, 518 (E.D. Pa. 2010); Hagan v. Rogers, 570 F.3d 146, 157 (3d Cir. 2009) (A district court has "broad authority with regard to joinder under Rule 20, which is, after all, discretionary."). "In exercising its discretion, the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 560 F.3d at 157. "The purpose of Rule 20(a) is to 'promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits.'" Miller v. Hygrade Food Products Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001 (quoting 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1653 at 409 (3d ed. 2001)).

The Third Circuit Court of Appeals has recognized that a district court has the "inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it," which "provides [the court the] authority to fashion tools that aid the court in getting on with the business of deciding cases." Eash v. Riggins Trucking Inc., 757 F.2d 557, 567 (3d Cir. 1985).

3

Here, the court denied the Trinity plaintiffs' request for joinder because this case—after being litigated for more than *six years*—is set for trial. To permit the Trinity plaintiffs to join Greenlease's insurance carriers at this late stage in the litigation would unduly delay resolution of the claims that have been pending before this court for six years, and interfere with this court's authority to "get[] on with the business of deciding" this case. Id. As the court instructed the Trinity plaintiffs at the hearing on November 12, 2014, the Trinity plaintiffs—if they desire to— may file a separate lawsuit against Greenlease's insurance carriers.[1] Based upon the foregoing, Trinity did not show that reconsideration of the court's November 12, 2014, decision is necessary to correct a clear error of law or fact or to prevent manifest injustice.

## IV. Conclusion

Trinity's motion for reconsideration (ECF No. 249) will be denied for the reasons set forth herein. An appropriate order will be entered.

BY THE COURT,

Dated: April 10, 2015

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief District Court Judge

---

[1] The Trinity plaintiffs have known about Greenlease's insurance carriers since March 2, 2014, and November 12, 2014, was the first time the Trinity plaintiffs requested joinder in this case.